Mr. Justice Cox
delivered the opinion of the Court:
■ This is rather a tedious case to recite, and I will simply state the outline of it. It appears that many years ago a lot of ground, lot 23, in square 107, or at least the east thirteen feet four inches thereof, was occupied by a house known as No. 1804 F street, and was conveyed to Paul Jennings, and the adjoining part of the same, being No. 1806 F street, was conveyed to him and his daughter Frances. The deed did not use the word heirs, but that is not very material to the present inquiry. The daughter Frances apparently was an imbecile. It seems that Elizabeth Webb, who was a stepdaughter of Paul Jennings, was originally put by him into *322 this house, No. 1806, adjoining the one conveyed exclusively to Paul, to take care of his daughter Frances, and she remained there for many years. In 1862 Elizabeth Webb claims that she had bought the entire property, No. 1806, from Paul. Paul died leaving three children — Frances, John and Franklin. Frances died without issue, and John died leaving children. The plaintiff claims that the defendant, Elizabeth Webb, was put in the house as a tenant of Paul Jennings, and has remained there always as a tenant. He claims that he owns one undivided half of the property and, his sister having died, that his brother’s children own the other undivided half. The plaintiff instituted a landlord and tenant proceeding to turn Elizabeth Webb out, and she pleaded title and that brings the case to this court. He then filed his declaration in ejectment in which he claimed one undivided moiety in the lot. There seems to be a little misapprehension of the nature of this proceeding. While our rule requires the plaintiff to file a declaration, as in ejectment, that does not convert the proceeding into an action of ejectment at all, in which the plaintiff recovers upon the strength of his title. In this proceeding, unless he establishes the relation of landlord between himself and the defendant, no matter what the form of the declaration is, he is not entitled to' recover. I have always held that at Special Term, and that is the opinion that we entertain now. It is still a landlord and .tenant proceeding.
The case was submitted to the justice instead of the jury upon the facts. He found that in 1862 this defendant went into possession, and while in possession of No. 1806 she acquired a tax deed to the property and Paul Jennings himself took a deed to the other house, No. 1804, and that arrangement was made by his consent, and from that time she held adversely ; that is, she claimed title to one undivided half of the lot as her own, the other undivided one-half belonging to Frances Jennings.
A motion was made for a new trial upon the usual grounds applicable to a verdict; that is, that the finding was against the weight of the evidence, etc. I have grave doubts, speak *323 ing for myself, whether this court can review the findings of the judge as to the facts. The statute does not contain anything about it. The statute provides that a verdict may be set aside as against the evidence. It does not provide that a finding of a judge upon the facts cambe set aside as against the evidence. But upon looking at such evidence as it is set out in the record, we do not see that the finding óf the court was against the weight of the evidence, and we assume the fact, therefore, to be that from 1862 up to the commencement of this proceeding, more than twenty years, the defendant was holding and claiming an undivided part of this property as her own, and that gave her the right to stay there. Now the plaintiff is at liberty to bring his action in ejectment to recover an undivided half, and to be put in possession of that to hold in common with the defendant, but she is entitled also to retain possession of her one-half. He is not permitted to turn her out as his tenant; she is not his tenant; she has a right to be there. And, therefore, the landlord and tenant proceeding could not be sustained. It is clear that the Judge was correct in his reasons for the judgment given upon the facts shown . in the record, and her right to remain there was good against the claim of this plaintiff.

The judgment is affirmed.